

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN CARROLL COLLIER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>JIM PRUETT; et al.,<br><br>Defendants - Appellees. | No. 04-35571<br><br>D.C. No. CV-03-00251-A-JKS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief Judge, Presiding

Submitted December 5, 2005**

Before:    GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

Stephen Carroll Collier appeals pro se the district court's order dismissing his action for injunctive and declaratory relief, alleging that employees of the Internal Revenue Service, his employer, and his bank had instituted improper levy

---

   *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

   **   The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

actions against him. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990), we affirm.

Removal of Collier's action was proper because he named as defendants federal agents acting in their official capacity. *See* 28 U.S.C. § 1442(a)(1). The district court properly dismissed Collier's action as barred by the Anti-Injunction Act, *see* 26 U.S.C. § 7421(a), and the tax exception to the Declaratory Judgment Act, *see* 28 U.S.C. § 2201(a). We reject Collier's contention that his claims against the government's levy actions fall into the judicial exception to the Anti-Injunction Act. *See Elias*, 908 F.2d at 525 (requiring demonstration that government cannot ultimately prevail on the merits and that taxpayer will suffer irreparable injury without injunctive relief).

Because Collier's claims against his employer and his bank are based on withholding actions they took pursuant to mandatory legal duties, the district court also properly dismissed those claims. *See* 26 U.S.C. §§ 3402, 3406; *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 770 (9th Cir. 1986).

Collier's remaining contentions lack merit.

We deny Collier's motion for sanctions. The clerk shall file the reply brief received on December 20, 2004.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 2 7 2006

by: _____
Deputy Clerk